# EXHIBIT B

# Comcast Subpoena Compliance Policy



# Internet Compliance



**Subscriber Account Identification and Related Records**

Comcast has the ability to identify only Comcast High Speed Internet Subscriber accounts based on the following criteria:

- Internet Protocol (IP) address *including* date and time of incident;

- email account identifier;

- subscriber name and address; and

- subscriber account number.

Typically, upon receipt of a properly and timely (within 6 months) submitted valid and statutorily authorized legal request, Comcast can supply the subscriber's name, address, telephone number, email accounts, Comcast account number and current account status.

**For identification based upon an IP address:**
- Before sending a request, please confirm that the IP address is assigned to Comcast. This can be accomplished by visiting http://ws.arin.net/whois or http://www.ip2location.com/free.asp



- Because Comcast's system of allocating IP addresses uses Dynamic Host Configuration Protocol (DHCP), its subscribers are not assigned a single, constant or static IP address. Instead, a dynamic IP address is assigned and has the potential to change several times throughout the course of a month. As a result, it is necessary to include in all requests for information the **specific date and time of incident** when an IP address was alleged to have been used.
- Comcast currently maintains its IP log files for a period of 180 days. If asked to make an identification based upon an IP address that was used more than 180 days prior to receipt of the request, Comcast will not have information to provide. (Comcast can process preservation requests as outlined below in this Handbook.)

**For identification based upon an email address:**

– All email address accounts obtained through Comcast High Speed Internet will end in comcast.net (i.e. JohnDoe@comcast.net). If the email account ends in any other domain (i.e. @hotmail.com or @yahoo.com), Comcast will not have information responsive to the request.

**For identification based upon a person's name:**
– Comcast cannot identify a subscriber based upon a name alone. It is necessary to include the street address where it is believed the individual receives service. It may be possible in some cases to identify a subscriber based on name and a city and state (with no street address).
– Comcast will only respond to a request for identification based on the name exactly as it is written on the request. For example: if the request asks for information relating to James Doe in Springfield and Comcast's records reveal a J. Doe and/or a Jim Doe in Springfield, Comcast will not have information responsive to the request or may require additional legal process to determine if it has responsive information. If initials or nickname are used you should add a request for those other versions of the name in your legal request.

**For identification based upon a street address:**
– It is necessary to provide an entire street address. In the request, please supply the house or apartment number, the street name, the city and the zip code of the location you have targeted.

– Over a length of time it is possible that Comcast has supplied service to multiple customers at the same address. Therefore, it is necessary to narrow a search for customer identity to a specific period of time.

**For identification based upon a Comcast account number:**
– Please provide a complete account number. Legal requests with incomplete account numbers will not result in successful identifications.

**Retention Policies**

**IP Address Information**

- Comcast currently maintains Internet Protocol address log files for a period of 180 days. If Comcast is asked to respond for information relating to an incident that occurred beyond this period, we will not have responsive information and can not fulfill a legal request. (Comcast can process and respond to preservation requests as outlined below in this Handbook.)

**Web mail Account Information for email contents and attachments**

- Comcast High Speed Internet customer accounts are currently provided with up to seven separate email accounts. Customers may choose to not use Comcast email at all, instead using another provider's email such as a Hotmail or Yahoo Mail, or use those email services in addition to a Comcast email account. In cases involving another entity's email service or account, Comcast would not have any access to or ability to access customer email in response to a legal request. Legal requests seeking the contents of emails or attachments to emails should also be aware of the following:

- Where customers use Comcast email, they may use the Comcast Webmail service. This permits customers to access their email from any Internet connected computer. In this case, the contents of emails are stored on Comcast's email servers where they may be produced in response to a legal request if they have not been deleted by the customer.

- Customers may also use an email client program like Outlook Express, Outlook, or Eudora to move or "pop" email from Comcast's email servers to their own personal computers. In those cases, emails may be deleted from Comcast's email servers and if they are deleted, they are not accessible to Comcast.

- Customers may also use Webmail and an email client program and leave emails on Comcast's email servers as well as copy, not move, them to their personal computers. In these cases, emails that remain on Comcast's email servers may be produced in response to a legal request if they have not been deleted by the customer.

Comcast's Webmail service permits customers to change their email deletion policies, but the current default settings are described below.

- Inbox                *(Read Mail* – No automatic deletion policy)
                       *(Unread Mail* – 45 day retention period)

- Trash                *(Read Mail* – 1 day retention period)
                       *(Unread Mail* – 1 day retention period)

- Sent Mail            *(Read Mail* – 30 day retention period)
                       *(Unread Mail* – 30 day retention period)

- Screened Mail        *(Read Mail* – 3 day retention period)
                       *(Unread Mail* – 3 day retention period)

- Personal Folders     (Read/Unread – No deletion policy)

- Popped Mail          (Deleted immediately from web mail servers)

Note: Comcast High Speed Internet customers can set their own preferences for certain web mail deletion or retention; thus, individual customer accounts may have settings that differ from those above.  For more information about Comcast Webmail settings, see http://www.comcast.net/help/faq/index.jsp?faq=Email118193.

**Types of Requests**

Generally, the following information, when available to Comcast, can be supplied in response to the types of requests listed below. Each request is evaluated and reviewed on a case by case basis in light of any special procedural or legal requirements and applicable laws. The following examples are for illustration only.

**Grand Jury, Trial, or Statutorily Authorized Administrative Subpoena**
Law enforcement agencies are eligible to receive subscriber identification including items (1)-(6) without notice to the subscriber:
1) Subscriber's name
2) Subscriber's address
3) Length of service including start date
4) Subscriber's telephone number, instrument number or other subscriber number or identity, including a temporarily assigned network address
5) Subscriber's email account names;
6) Means and source of payment for such service (including any credit card or bank account number); and
7) In certain instances, email communications older than 180 days *with notice*.

**Judicial Summons**
Law enforcement agencies are eligible to receive subscriber identification including:
1) Subscriber's name
2) Subscriber's address
3) Length of service including start date
4) Subscriber's telephone number, instrument number or other subscriber number or identity, including a temporarily assigned network address.
5) Subscriber's email account names and
6) Means and source of payment for such service (including any credit card or bank account number).

**Court Order**
Law enforcement agencies can receive subscriber identification including:
1) Subscriber's name
2) Subscriber's address
3) Length of service including start date
4) Subscriber's telephone number, instrument number or other subscriber number or identity, including a temporarily assigned network address.
5) Subscriber's email account names and
6) Means and source of payment for such service (including any credit card or bank account number).
7) The content of certain of the subscriber's email communications can be provided if stated within the order and with notice.

**Search Warrant**
Law enforcement agencies are eligible to obtain subscriber identification including:
1) Subscriber's name
2) Subscriber's address
3) Length of service including start date
4) Subscriber's telephone number, instrument number or other subscriber number or identity, including a temporarily assigned network address.
5) Subscriber's email account names and
6) Means and source of payment for such service (including any credit card or bank account number).
7) The content of certain of the subscriber's email communications can be provided if stated within the order.

**Important Note on Email Communications:** In most instances, email communications in storage for 180 days or less may *only* be produced in response to a state or federal warrant and in such situations may be done so without notice to the subscriber. For email communications in storage for over 180 days, a warrant may also be used, and court orders and valid statutorily authorized administrative subpoenas may be used, but use of these two alternative methods generally requires notice to the subscriber.

**Preservation Request/ Backup Preservation Request**
Title 18 U.S.C. §§ 2703(f) and 2704 provide a mechanism for law enforcement agencies to require Comcast to preserve subscriber data until an appropriate legal order is obtained. No information can be released until Comcast receives a formal and valid legal request. The information will be retained for ninety days upon which, if no valid legal request is made, or no authorized ninety day extension is sought, the information will be permanently purged.

**Pen Register / Trap and Trace Device**
Title 18 U.S.C. § 3123 provides a mechanism for authorizing and approving the installation and use of a pen register or a trap and trace device pursuant to court order. All orders must be coordinated prior to submission to Comcast. Law enforcement will be asked to agree to reimburse Comcast's reasonable costs incurred to purchase and/or install and monitor necessary equipment. See "Reimbursement," below.

**Foreign Intelligent Surveillance Act of 1978**
    Title 50 U.S.C. §§ 1801-1862 and new §§ 105A and B. Submissions to Comcast should be coordinated with the FBI field office in Trenton, NJ or Philadelphia, PA. A Special Agent will be tasked to hand deliver the request to Comcast. Upon receipt, Comcast will handle all documents with the appropriate care and security as required by law.

**National Security Letter**
    All National Security Letters should be coordinated with the FBI field office in Trenton, NJ or Philadelphia, PA. A Special Agent will be tasked to hand deliver the request to Comcast. Upon receipt Comcast will handle all documents with the appropriate care and security as required by law. Attention must be paid to the various court proceedings in which the legal status of such requests is at issue.

**Child Abuse**
    Comcast will make information available to the National Center for Missing and Exploited Children as required by 42 U.S.C. § 13032.

**Emergency Disclosure**
    18 U.S.C. § 2702(b)(8) and § 2702(c)(4) contain provisions for the expedited release of subscriber information in situations where there is an immediate danger of death or an immediate risk of serious physical injury. Law enforcement agencies need only to adequately complete Comcast's Emergency Situation Disclosure Request form (Reference Attachment #1) and they will receive accelerated subscriber identification.

**Quick Reference**

The checklist below should function as a quick reference guide for producing a valid legal submission to Comcast and will help reduce processing time associated with overly broad or erroneous submissions.

- ✓ Verify that the IP address or e-mail address is registered to Comcast.

- ✓ Limit your request to no more than five IP address or email address elements per individual legal document (subpoena, warrant, order). This will allow us to manage your request more effectively and provide a quicker response.

- ✓ Include the IP address, email address, street address, phone number and all other pertinent information that would allow Comcast to adequately respond to your request.

- ✓ Include date and time of all incidents including seconds and time zone, i.e. 12 December 2007 @ 06:13:21 EST. State on your request specifically what you require Comcast to provide and be sure it conforms to what ECPA permits; overly broad requests often require additional follow up and may slow response time.

- ✓ Ensure that you have made the required certifications and complied with all applicable substantive and procedural requirements under the particular statutes or regulation authorizing your request.  This will greatly enhance our ability to make a timely response.

- ✓ Ensure that you completely explain the nature and circumstances of any potential serious injury or death to justify an emergency disclosure.

- ✓ Ensure that all of your contact information is correct. Comcast will return legal requests via fax unless otherwise requested in the subpoena or order

**Reimbursement Fees**

The Legal Response Center does not charge for responses to legal process served by a government entity involving child exploitation. In all other situations, Comcast reserves the right to seek reimbursement for processing and responding to all legal process as permitted by law. Our policy is to discuss reimbursement with the requesting party before we incur any costs. However, in time-sensitive situations we may have to discuss costs after the fact.

Costs for the implementation of a Court Ordered Pen Register/Trap and Trace compliant/FISA requiring deployment of an intercept device are as follows:

- Intercept: $1,000.00 initial start-up fee (including the first month of intercept service) and $750.00 per month for each subsequent month in which the original order or any extensions of the original order are active.